IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GEORGE C.L. ROWAN, #A0221576, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STATE OF HAWAII DEP'T OF ) <br> PUBLIC SAFETY O.C.C.C., JAMES ) <br> O'SULIVAN, COURTNEY RN, ) <br> ) <br> Defendants. ) <br> _____ ) | CIV. NO. 1:19-cv-00040 LEK-KJM <br><br> ORDER DISMISSING COMPLAINT <br> WITH LEAVE TO AMEND |

Before the court is pro se Plaintiff George C.L. Rowan's prisoner civil rights Complaint. Rowan alleges claims against the Oahu Community Correctional Center (OCCC), and its Nurses James O'Sullivan and Courtney Tanigawa (collectively, Defendants). Rowan alleges Defendants violated his constitutional right to adequate medical care between October 5 and 11, 2018, while he was incarcerated at OCCC. For the following reasons, Rowan's Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), for failure to state a colorable claim for relief. Rowan is granted leave to amend his pleadings, on or before April 1, 2019.

# I. **STATUTORY SCREENING**

The court must conduct a pre-Answer screening of all prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that under Federal Rule of Civil Procedure 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. **BACKGROUND**[1]

Rowan says that he was examined at The Queen's Medical Center (QMC) on October 3, 2018, and had no signs of infection. He entered OCCC on October 5, 2018, where he states that he received an intake medical exam "for a few thing[s] I came in with," although he does not detail what these "things" were. Compl., ECF No. 1, PageID #6. Defendants O'Sullivan and Tanigawa noted an injury on Rowan's medical intake report and referred him for x-rays for osteomyelitis. He repeats that he showed "no signs of infection" at that time, although osteomyelitis is generally defined as "an infection of the bone," that can spread from an infection in another part of the body, from an open fracture, or from surgery. https://www.webmd.com/diabetes/osteomyeltis.

---

[1] Rowan's facts are accepted as true and construed in the light most favorable to him. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Rowan says, "all these times while being exam[i]ned by medical staff from 10-5-2018 to 10-8-2018 my left big toe was badly treated by medical staff and started becoming infected by i[m]proper procedures and assessment." Compl., ECF No. 1, PageID #6. On October 11, 2018, he says that, "to prove to staff that my left big toe was infected, I had to self-inflicted myself to get attention." *Id.* He was taken to the QMC emergency room where x-rays determined that he had osteomyelitis. A QMC surgeon informed Rowan that he required surgery; a few days later his left, big toe was amputated.

Rowan alleges O'Sullivan and Tanigawa denied him adequate medical care; he seeks compensation for his pain and suffering.

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must also allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

## A. Eleventh Amendment Immunity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Further, "prospective declaratory and injunctive relief" is available under § 1983 only "to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010) ); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

Neither the Hawaii Department of Public Safety (DPS), a state agency, nor OCCC, a jail, are "persons" within the meaning of § 1983 or subject to suit under the Eleventh Amendment. *See Will*, 491 U.S. at 71. Further, Rowan does not allege an ongoing violation of federal law. Rowan's claims against DPS and OCCC are DISMISSED with prejudice.

## B. Inadequate Medical Care

It is unclear whether Rowan was a pretrial detainee or a convicted prisoner when he entered OCCC on October 5, 2018. It is therefore uncertain whether his claims arise under the Eighth or the Fourteenth Amendment. The court discusses

each theory below in relation to Rowan's claims.

### 1. Eighth Amendment

If Rowan entered OCCC as a convicted prisoner, his claims arise under the Eighth Amendment, which protects convicted prisoners from inhumane methods of punishment and conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials a duty to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1991) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). "[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'" *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

"'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a [state] actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 410 (1997)). A plaintiff may show the "defendant's response to the need was deliberately indifferent . . . by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need

and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

O'Sullivan and Tanigawa examined Rowan on intake and referred him for x-rays to determine whether he had osteomyelitis. He was examined by unidentified OCCC medical staff periodically between October 5 and 8, and says that his big toe "was being badly treated by medical staff and started becoming infected." Compl., ECF No. 1, PageID #6. On October 11, Rowan self-inflicted a wound on his left, big toe to prove that his toe was infected, and he was immediately taken to QMC. Once there, he was diagnosed with osteomyelitis and his toe was removed.

These facts do not show that O'Sullivan or Tanigawa purposely denied Rowan medical care for his injury or pain with deliberate, reckless indifference to his medical needs. Rather, they examined him and recommended an x-ray for a specific condition, osteomyelitis. Rowan does not allege that he did not receive the x-ray O'Sullivan and Tanigawa ordered, that he was denied follow up treatment after O'Sullivan's and Tanigawa's intake examination, or was denied medication for his unidentified injury. Rather, he says that he was seen by medical staff over the weekend who allegedly "badly treated" his toe. *Id.* These facts may show medical malpractice by someone, negligence, or even gross negligence, but they do not show that Defendants O'Sullivan or Tanigawa acted with subjective, deliberate

7

indifference to his serious medical needs in violation of the Eighth Amendment. To the extent Rowan alleges a claim for deliberate indifference under the Eighth Amendment, it is DISMISSED with leave to amend.

### 2. *Fourteenth Amendment*

If Rowan was a pretrial detainee when he entered OCCC, his claims arise under the due process clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). The elements of a pretrial detainee's medical care claims under the Fourteenth Amendment are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved ─ making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (citing *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 831 (2017)).

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and

8

circumstances of each particular case.'" *Castro*, 833 F.3d at 1071 (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro*, 833 F.3d at 1071 (quotation omitted). A plaintiff must "prove more than negligence but less than subjective intent ― something akin to reckless disregard." *Id.*

Rowan alleges insufficient facts to state a claim for inadequate medical care under the Fourteenth Amendment. O'Sullivan and Tanigawa examined Rowan on intake after his release from QMC and referred him for x-rays to ascertain whether he had an infection, that is, osteomyelitis. Rowan does not allege that he was never scheduled for an x-ray appointment, never received an x-ray, or that O'Sullivan had any further connection to his medical care after intake on October 5, 2018. That is, he alleges no facts showing that they were or should have been objectively aware that his toe was infected or getting worse than it was the day that they examined him. He was seen by OCCC medical staff several times over the October 5-8 weekend, but does not say that O'Sullivan or Tanigawa saw him. Rowan does not explain what was happening with his toe during this time, what type of attention he received or was denied, or whether he sought and was denied additional medical attention on October 9 or 10. On October 11, Rowan purposely

9

injured himself to call attention to his toe, but provides no further explanation of this incident. He was immediately sent to the QMC emergency room.

These facts do not plausibly show that O'Sullivan and Tanigawa made an intentional decision regarding Rowan's treatment, that put Rowan at a substantial risk of serious harm, and that they failed to take objectively reasonable measures to abate a high degree of risk to him that a reasonable medical official would have appreciated, and that this decision caused the amputation of his toe. To the contrary, they ordered x-rays to determine whether he had osteomyelitis and thus, required urgent care. This presupposes that they expected that Rowan would receive an x-ray and further care if needed. Nothing in the Complaint suggests that O'Sullivan and Tanigawa acted with reckless disregard to Rowan's need for medical care. To the extent Rowan alleges this claim under the Fourteenth Amendment, it is DISMISSED with leave granted to amend.

## IV. **LEAVE TO AMEND**

The Complaint is DISMISSED with leave to amend those claims dismissed without prejudice. Rowan may file an amended complaint on or before April 1, 2019, that cures the noted deficiencies in his claims. Rowan may not expand his claims beyond those already alleged or add new claims or Defendants, without an explanation regarding how those new claims relate to the claims alleged in the

10

original Complaint or how any new Defendants personally participated in his claims.

Rowan must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.3, which requires an amended complaint to be complete in itself without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and must be submitted on the court's prisoner civil rights form. An amended complaint will supersede the preceding complaint. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012). If Rowan fails to timely file an amended complaint that cures the deficiencies in his claims this action may be dismissed and that dismissal may count as a "strike" under 28 U.S.C. § 1915(g).[2]

---

[2] 28 U.S.C. § 1915 (g) states:

if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## V. **CONCLUSION**

(1) The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1). Rowan's claims against the Oahu Community Correctional Center and Department of Public Safety are DISMISSED with prejudice. All other claims are DISMISSED with leave granted to amend.

(2) Rowan may file an amended pleading that cures the noted deficiencies in his claims, if possible, on or before April 1, 2019.

(3) The Clerk SHALL send Rowan a blank prisoner civil rights complaint form so that he can comply with this Order if he elects to amend his Complaint.

(4) If Rowan fails to timely amend his pleadings or cure the noted deficiencies in his claims, this suit may be AUTOMATICALLY DISMISSED without further notice and he may incur a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 14, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Rowan v. State*, No. 1:19-cv-00040 LEK-KJM; scrng '19 (dsm C lv amd. ftsc med. care 8A or 14A)